# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

MARIO RUIZ,

    Petitioner,

v.

WARDEN TRACY JOHNS,

    Respondent.

CIVIL ACTION NO.: 5:19-cv-17

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Mario Ruiz ("Ruiz"), who is currently incarcerated at D. Ray James Correctional Facility in Folkston, Georgia, filed this 28 U.S.C. § 2241 Petition on February 25, 2019. Doc. 1. After Ruiz paid the requisite filing fee, this Court ordered service of his Petition on March 20, 2019. Doc. 3. Respondent filed a Motion to Dismiss on May 29, 2019, and Ruiz filed a Response. Docs. 10, 12. For the following reasons, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Ruiz's Petition based on his failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Ruiz leave to appeal *in forma pauperis*.[1]

---

[1] Ruiz is actually housed at the McRae Correctional Institution in Helena, Georgia. https://www.bop.gov/inmateloc/, search for Register Number 47380-066, Mario Ruiz, last accessed Oct. 31, 2019. However, Ruiz has not notified the Court in writing of his change in address, as required, which is an independent and additional reason the Court could dismiss without prejudice Ruiz's Petition. Doc. 3 at 2 ("Petitioner is cautioned that, while this action is pending, he shall immediately inform this Court in writing of any change of address. Failure to do so will result in dismissal of this case.").

**BACKGROUND**

In his Petition, Ruiz asserts the Bureau of Prisons ("BOP") did not credit his sentence for the time he spent in custody of federal authorities prior to the date his federal sentence commenced. Doc. 1 at 2. Ruiz specifically requests that he be credited with 152 days from October 21, 2005 through March 22, 2006. Id. at 7, 8. He asks the Court to compel the BOP to correct his sentence. Id. at 9.

Respondent moves to dismiss Ruiz's Petition based on Ruiz's failure to exhaust his administrative remedies and because Ruiz's Petition is successive. Doc. 10. In his Response, Ruiz asserts he followed "all remedies[,]" which, he contends, the Court can verify by looking at his exhibits. Doc. 12 at 1. In addition, Ruiz states he was told to write directly to the Designation and Sentence Computation Center. Id.

**DISCUSSION**

**I.     Whether Ruiz Exhausted his Administrative Remedies**

    **A.     Legal Requirements for Exhaustion**

The Eleventh Circuit Court of Appeals has held that a § 2241 petitioner's failure to exhaust administrative remedies is not a jurisdictional defect. Santiago-Lugo v. Warden, 785 F.3d 467, 474 (11th Cir. 2015); see also Fleming v. Warden of FCI Tallahassee, 631 F. App'x 840, 842 (11th Cir. 2015) ("[Section] 2241's exhaustion requirement was judicially imposed, not congressionally mandated, and . . . nothing in the statute itself support[s] the conclusion that the requirement [is] jurisdictional."). Nevertheless, the Eleventh Circuit has noted "that the exhaustion requirement is still a requirement and that courts cannot 'disregard a failure to exhaust . . . if the respondent properly asserts the defense.'" Id. (citing Santiago-Lugo, 785 F.3d

at 475).² Failure to exhaust administrative remedies is an affirmative defense, and inmates are not required to specially plead or demonstrate exhaustion in their complaint. Jones v. Bock, 549 U.S. 199, 216 (2007). Additionally, the United States Supreme Court has "held that the PLRA's ["Prison Litigation Reform Act's"] text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.' And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016).

The requirement that the exhaustion of remedies occur "first in an agency setting allows 'the agency [to] develop the necessary factual background upon which decisions should be based' and giv[es] 'the agency a chance to discover and correct its own errors.'" Green v. Sec'y for Dep't of Corr., 212 F. App'x 869, 871 (11th Cir. 2006) (quoting Alexander v. Hawk, 159 F.3d 1321, 1327 (11th Cir. 1998) (first alteration in original)). Furthermore, requiring exhaustion in the prison setting "eliminate[s] unwarranted federal-court interference with the administration of prisons" and allows "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Woodford v. Ngo, 548 U.S. 81, 93 (2006).³

---

² The Court notes that, in certain circumstances, it should not determine exhaustion issues. Specifically, in Jenner v. Stone, this Court noted, "Although exhaustion of administrative remedies is not a jurisdictional requirement in a § 2241 proceeding, 'that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense.'" Jenner v. Stone, No. CV 317-068, 2018 WL 2976995, at *2 (S.D. Ga. May 16, 2018), *report and recommendation adopted*, 2018 WL 2972350 (S.D. Ga. June 13, 2018) (quoting Santiago-Lugo, 785 F.3d at 474–75). "However, 'a court may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." Id. (quoting Santiago-Lugo, 785 F.3d at 475). Here, the Court addresses Respondent's exhaustion argument.

³ Although Woodford was a civil rights suit rather than a habeas petition, the Court "noted that the requirement of exhaustion is imposed by *administrative law* in order to ensure that the agency addresses the issues on the merits." Fulgengio v. Wells, CV309-26, 2009 WL 3201800, at *4 (S.D. Ga. Oct. 6, 2009) (emphasis in original) (quoting Woodford, 548 U.S. at 90) (internal punctuation omitted). Thus, exhaustion requirements are applicable to habeas petitions.

The Supreme Court has noted exhaustion must be "proper." Id. at 92. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90–91. In other words, an institution's requirements define what is considered exhaustion. Jones, 549 U.S. at 218. It is not the role of the court to consider the adequacy or futility of the administrative remedies afforded to the inmate. Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). The court's focus should be on what remedies are available and whether the inmate pursued these remedies prior to filing suit. Id.

Thus, under the law, prisoners must do more than simply initiate grievances; they must also appeal any denial of relief through all levels of review that comprise the agency's administrative grievance process. Bryant v. Rich, 530 F.3d 1368, 1378 (11th Cir. 2008) ("To exhaust administrative remedies in accordance with the PLRA, prisoners must 'properly take each step within the administrative process.'") (quoting Johnson v. Meadows, 418 F.3d 1152, 1157 (11th Cir. 2005)); Sewell v. Ramsey, No. CV406-159, 2007 WL 201269 (S.D. Ga. Jan. 27, 2007) (finding that a plaintiff who is still awaiting a response from the warden regarding his grievance is still in the process of exhausting his administrative remedies).

### B. Standard of Review for Exhaustion

"Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Bryant, 530 F.3d at 1374 (internal punctuation and citation omitted). Further, a judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. In these instances, "it is proper for a judge to consider facts

outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." Id. at 1376.

In Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008), the Eleventh Circuit set forth a "two-step process" that lower courts must employ when examining the issue of exhaustion of administrative remedies.[4] First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, the plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376–77.

### C. Analysis of Ruiz's Efforts at Exhaustion

Ruiz asserts he filed up to a Step 2 administrative remedy request at D. Ray James. Doc. 1 at 3. However, Ruiz states he did not file any appeals because "they" would not "check all the information provided, and sent [him] to write to the Bureau of Prisons in Grand Prairie, Texas." Id. at 4. Ruiz filed nothing else. While it is clear Ruiz failed to exhaust his administrative

---

[4] Although Turner involved exhaustion requirements within the context of a 42 U.S.C. § 1983 action, it appears the two-step process set forth in Turner would be no less applicable to a § 2241 proceeding. See McCoy v. Glidewell, Civil Action No. 4:11-cv-1683, 2012 WL 3716872, at *5 (D.S.C. June 18, 2012) (noting § 2241's exhaustion requirements and Turner's application of exhaustion standards to a § 2241 petition).

remedies at the first Turner step, the Court nevertheless proceeds to the second Turner step and makes specific factual findings pertinent to the exhaustion question.

Inmates at D. Ray James must exhaust administrative remedies, beginning their grievance process locally with the Warden by using the contractor's grievance procedures.[5] This involves an attempt at informal resolution, which, if unsuccessful, is followed by a formal complaint via a Step 1 administrative remedy form within 20 days of the informal resolution request. An inmate may appeal the Step 1 administrative remedy to the Warden via a Step 2 administrative remedy form within five business days after the Step 1 response is returned. If the inmate is not satisfied with the resolution of the formal complaint, the inmate may appeal to the Bureau of Prisons' ("BOP") Administrator of the Privatization Management Branch (BP-10), so long as the appeal involves BOP-related matters. Betancur v. Johns, Civil Action No.: 5:15-cv-87, 2016 WL 6396016, at *4 (S.D. Ga. Oct. 26, 2016), *adopted by* 2016 WL 7257000 (S.D. Ga. Dec. 14, 2016). Examples of BOP-related matters which must be appealed through the BOP are: sentence computations, reduction in sentences, removal or disallowance of good conduct time, participation in certain programs, and an inmate's eligibility for early release. Pichardo v. Zenk, Civil Action No.: CV511-069, 2011 WL 5102814, at *2 n.4 (S.D. Ga. Sept. 27, 2011), *adopted by* 2011 WL 5103758 (S.D. Ga. Oct. 26, 2011). If the inmate is not satisfied with the Privatization Administrator's response, the inmate may make a final appeal to the BOP's Office of General Counsel (BP-11). If an inmate files an administrative remedy concerning a BOP-

---

[5] It has been the Court's experience that inmates at D. Ray James Correctional Facility are to use the contractor's grievance procedures for exhaustion purposes, which vary slightly from the BOP's administrative remedies process, although both procedures require a final appeal with the Office of General Counsel. See, e.g., Martinez v. Johns, Civil Action No.: 5:17-cv-120, 2017 WL 4934674, at *3 (S.D. Ga. Oct. 31, 2017), *adopted by* 2017 WL 6029622 (S.D. Ga. Dec. 5, 2017); Doc. 10 at 3–4; Doc. 10-1 at 2–3.

related matter, the administrative remedies will be recorded in the BOP's SENTRY computer database.  Betancur, 2016 WL 6396016, at *4.

The evidence before the Court reveals Ruiz has not completed the administrative remedies process as to his claims regarding his sentence computation.  Doc. 1 at 4; Doc. 12 at 1. Glenda Dykes, an administrative remedies clerk with the BOP, declares that, although he has filed administrative appeals concerning disciplinary infractions and staff misconduct, Ruiz has "never submitted any administrative appeal concerning the computation of his sentence."  Doc. 10-1 at 3.  In support of her declaration, Ms. Dykes cites to Ruiz's administrative remedy information through the SENTRY database.  Id. & at 14.  Indeed, this information reveals Ruiz has filed several appeals regarding disciplinary hearings and one administrative remedy concerning staff misconduct but no appeals with the BOP relating to the computation of his sentence.  Id. at 14.

The only evidence before the Court regarding Ruiz's attempts at exhaustion reveals that Ruiz has not completed the administrative remedies request process regarding his sentence computation.  Ruiz submitted a copy of his Step 2 administrative remedies request, which is dated January 10, 2019 and was filed at the institutional level.  Doc. 1-1 at 17.  In the response to this request, dated February 11, 2019, Ruiz was informed the Designation and Sentence Computation Center requested he provide the names and addresses for the facilities he was housed in from May 2005 through March 2006.  Id. at 18.  Ruiz was advised how he could submit this information to institutional staff and that staff would forward that information to the Computation Center.  Id.  There is no evidence Ruiz pursued this process through its completion. Bryant, 530 F.3d at 1378 (noting all steps in the administrative remedies process must be completed before a party files a cause of action with a court).  As set forth in this Report, Ruiz's

claims concern BOP-related matters that must be filed and appealed through the above-described process, and Ruiz failed to do so. Consequently, the Court should **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Ruiz's claims based on his failure to exhaust his available administrative remedies prior to the filing of his § 2241 Petition.

It is unnecessary to address the alternative ground of dismissal Respondent advances.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Ruiz leave to appeal *in forma pauperis*. Though Ruiz has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Ruiz's filings and Respondent's Motion to Dismiss, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Ruiz *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **GRANT** Respondent's Motion to Dismiss and **DISMISS without prejudice** Ruiz's Petition based on his failure to exhaust his administrative remedies. I further **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Ruiz leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made herein. Objections not meeting the specificity requirement set out above will not be considered by the District Judge. The Court

**DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Ruiz and Respondent.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 31st day of October, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA